## CLEMENTS v. ELLIOTT.

1. A judgment was recovered, and an execution issued thereon levied on property to which a third person interposed a claim; pending the trial of the right of property, the judgment was reversed, notwithstanding which the trial proceeded, and the property was condemned: *Held*, that the judgment of condemnation beyond the amount of cost in the proceeding in which it was rendered, could not be enforced by execution—that it being consequential and dependent, the reversal of the judgment in the principal case, took from it a necessary and indispensable foundation.

Error to the Circuit Court of Tuscaloosa.

THE facts of this case are these: At the term of the county court of Tuscaloosa, holden in July 1841, the plaintiff in error, by notice and motion, recovered a judgment against the defendant, upon the allegation that he had paid money for him as a surety; an execution was issued upon this judgment, and placed in the hands of the sheriff of Tuscaloosa, which, on the 29th September, 1841, was levied on a negro boy, as the property of the defendant, to whom Moses Hendrix interposed a claim, pursuant to the statute. At the

March term, 1843, a trial of the right of property was had, and the slave condemned to satisfy the execution. Afterwards, at the term of the supreme court, holden in June, 1843, the judgment recovered in the county court, by the plaintiff against the defendant, was reversed.

The petition states, that Hendrix had, " arranged to pay the costs upon the trial of the right of property," yet notwithstanding all these proceedings, an order had been issued upon the judgment on the trial of the right of property, requiring the sale of the slave. This order has been placed in the hands of the sheriff, to whom the defendant has executed a bond for the delivery of the property, to be sold to satisfy the plaintiff's execution against him.

Upon these facts an order was made to supersede the order of sale ; and the petition being sustained by proof, the *supersedeas* was made perpetual, and the plaintiff adjudged to pay the costs.

E. W. PECK, for the plaintiff in error, made the following points : 1. The plaintiff insists that the execution superseded was regular, and supported by a subsisting and operative judgment ; and was therefore improperly superseded.

2. If the defendant was entitled to relief, it was in chancery, where the rights of the plaintiff would have been protected, by compelling the defendant to do equity, by paying the plaintiff the sum which he had actually paid as the defendant's security.

3. The case made by the evidence recited in the judgment entry, even if the remedy was properly sought in this mode, does not authorize the judgment making the supersedeas perpetual.

W. COCHRAN, for the defendant.

COLLIER, C. J.—The trial of the right of property, to which the plaintiff and Hendrix were parties, was consequential to, and dependent upon the judgment recovered against the defendant, in 1841. The object of the plaintiff in the

46

prosecution of the suit against the property, was to obtain satisfaction of his judgment, and if that judgment had lost its vitality by reversal on error, pending ihe claim of Hendrix, even if the court had proceeded to the trial, for the purpose of ascertaining who should pay the costs, and the claimant was unsuccessful, no order of sale would have followed. In fact, if the judgment against the defendant had been vacated, there would have been nothing of which the court could have ordered satisfaction, or upon which such an order could have rested.

The defendant was no party to the suit between plaintiff and Hendrix, and *prima facie* had no interest in it; consequently, the decision in that case determined nothing adversely to him, nor imposed upon him any liability beyond what had been already ascertained. It determined nothing more, than that a slave which had been levied on under an execution founded on the judgment against the defendant, was his property, and subject to its satisfaction; and that the slave might be available for that purpose, it was ordered that he be sold. The reversal of the judgment, in point of law annulled it, and left the order nothing upon which to rest— its effect upon the order was quite as potent as the payment of the amount of the judgment and execution.

It follows, that the judgment of the circuit court superseding the order of sale, was in conformity to law; and it is therefore affirmed.